THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* ISAAC COOPER *v.* THE PUBLIC OFFICERS OF GALLATIN COUNTY.

*Motion to dismiss appeal.*

The usual and correct practice on a motion to dismiss an appeal is, to base the motion upon a certified copy of the record of the judgment, &c. of the Circuit Court appealed from; or a certificate of the clerk that an appeal had been allowed and perfected. If the Clerk should refuse to perform his duty in these particulars on request and an offer to pay the usual fees therefor, the Supreme Court will dismiss the appeal upon motion and affidavit of the facts being filed.

MOTION to dismiss an appeal from the Gallatin Circuit Court, taken by the Public Officers of Gallatin county, on the hearing of an application for a *mandamus*, &c. before the Hon. William A. Denning, Associate Justice of the Supreme Court and presiding Judge of the said Circuit Court.

The motion was founded upon the following affidavits, which were read to the Court:

*Affidavit of Harbin H. M. Butt.*

"State of Illinois, ⎰ Sct.
Gallatin County, ⎱          Before me the undersigned, an acting justice of the peace, in and for said County, this day personally appeared, Harbin H. M. Butt, who being duly sworn, deposes and says, that on the second day of December instant, he made a formal demand of Daniel P. Wilbanks, Clerk of the Circuit Court of said county of Gallatin, for a certified copy of the record of the suit, People *ex relatione* Isaac Cooper, for a *mandamus* against the County Commissioners of said county, the Clerk of the Circuit Court thereof, and the other public officers of the said county, to remove their records to Shawneetown, the elected county seat under the late law dividing the said county of Gallatin, and wherein the said officers prayed an appeal from the decision of His Honor, Judge Denning, which the said Daniel

P. Wilbanks refused to make out, although the money was tendered to said Daniel for the same.

(signed,)

"Subscribed and sworn to before me, this 3d Dec'r, 1847, at Shawneetown.   } Harbin H. M. Butt."

J. W. Norton, J. P."

*Affidavit of Lloyd T. Posey.*

"State of Illinois, Gallatin County,   } Sct.   Before me the undersigned, an acting justice of the peace, in and for said county, this day appeared Lloyd T. Posey, who being duly sworn, deposes and says, that on or about the 23d day of November, 1847, he, as an attorney, requested Daniel P. Wilbanks, clerk of the Gallatin Circuit Court, to make out a certified copy of the record, in the case of The People, *ex relatione* Isaac Cooper *v.* certain public officers of said county, and wherein the said officers had prayed an appeal from the judgment of His Honor, Judge Denning, to the Supreme Court of Illinois, and at the same time this deponent offered to pay said clerk his usual fees for doing the same, but received for answer from said clerk, that this deponent could not get such certified copy of said record, because he (this deponent,) had no right to demand and have the same; and that he (said clerk,) would not make out the same until the 1st day of December, and would then forward it on to Springfield.

This deponent states that he is a practising lawyer, and was one of the attorneys who attended to the prosecution of said case in the said Circuit Court, and that he applied to the said clerk for the said record, for the purpose of dismissing said appeal on behalf of the said appellee, in case the appellants should not file the said record and assign errors thereon in the said Supreme Court, on or before the third day of the next term thereof, to be commenced and holden on Monday, the 6th instant, but was not able so to do by reason of the said clerk fraudulently and wickedly

withholding the said record in order, as this deponent verily believes, to defeat a speedy hearing of said cause in the said Supreme Court.

(signed,)

"Subscribed and sworn to    Lloyd T. Posey."
before me this 4th day of
December, 1847.

J. W. Norton, J. P."

The motion was argued on behalf of the People by *H. Eddy* and *S. T. Logan*, and resisted by *M. Brayman* and *O. Peters*, for the officers.

The Opinion of the Court was delivered by

WILSON, C. J.    The Court has considered the motion of the counsel for the plaintiff to dismiss the appeal taken in this case by the defendants, and are satisfied that the motion must prevail, and the appeal be dismissed. The usual and correct practice is, to base a motion of this kind upon a certified copy of the record of the judgment, &c. of the Circuit Court appealed from, or a certificate of the clerk that an appeal has been allowed and perfected, whereby the judgment of the Court below has been suspended. But the affidavit shows that this course could not be adopted in this case, because the clerk of the Circuit Court was one of the defendants below, and upon an application of the counsel for the plaintiff to him for a certified copy of the record, he refused to give it. The counsel was therefore forced to resort to affidavits, as the only means by which he could show that an appeal had been taken and by which he could obtain its dismissal. The sufficiency of these affidavits, however, is objected to, and it is true that the names of all the defendants are not stated, and that, in other respects, they are not so full or specific as they might have been, and as would be required by the Court in ordinary cases, but under the circumstances of this case we consider them sufficiently so. If there is no such case as is alleged, or if no appeal has been taken, no injury can be done to the defendants, nor have they any ground to object to the motion.

The refusal of the clerk to furnish a copy of the record upon the application of plaintiff's counsel, and his offer to pay for the same, deprived him of the necessary information to make a more specific statement of the case, and was a palpable and gross violation of the official duty of the clerk, and one which, we are constrained to say, justly subjects him to the severe animadversion of the Circuit Court, if not to removal from office. If a clerk shall be permitted to refuse to furnish a certified copy of a record at his discretion, the privilege which the law guaranties to each party to have the decision of the Circuit Court reviewed in this Court, will be wrested from him by the unwarrantable assumption of authority by this officer. He was one of the parties in this case, and to defeat the operation of a judgment against himself and others, he has violated his official duty, and set at naught the plain and positive requirements of the law. Such conduct in an officer of the law, and of the Court, cannot for a moment be tolerated, or suffered to pass, without the expression of our disapprobation and censure.

As the names of all the defendants are not disclosed by the affidavits, we cannot render judgment for costs against them, but we dismiss the appeal without costs.

*Appeal dismissed.*